BRANERTON CORPORATION, Respondent, *v.* UNITED STATES CORPORATION COMPANY, Appellant, et al., Defendant.

First Department, March 19, 1970.

*Edward J. Brady, Arthur L. Diamond, John J. Palmeri* and
*Paul W. Thorpe* of counsel (*Brady, Tarpey & Joyce,* attorneys),
for appellant.

*Louis C. Pulvermacher* for respondent.

STEUER, J. The defendant is the transfer agent for the stock
of Tintair, Inc. Tintair had issued 10,000 shares of its stock
to Simon, its president. These shares were acquired for invest-
ment purposes and were not registered with the Securities and
Exchange Commission (SEC). In 1968 defendant received a
request to transfer these shares to Kaplan. Defendant refused
to do so until it was given an opinion of counsel for Tintair.
This letter stated that the stock was to be used for collateral
security and that shortly, when the loan was repaid, the stock
would be transferred back to Simon. Defendant then trans-
ferred the shares. The stock was pledged for a loan from plain-
tiff to a company named A. I. C. A. I. C. defaulted on the loan
and plaintiff foreclosed on the security. Later plaintiff sold
2,000 of the shares but the buyer refused delivery on the ground
that this was unregistered stock. Plaintiff thereupon sold all
the shares to Lindner, its president, and requested defendant to
transfer them to him. Defendant refused unless plaintiff pro-
cured a "no action" letter from the SEC showing that the SEC
regarded the transfer as permissible. Plaintiff instead brought
this action seeking a mandatory injunction directing defendant
to transfer the shares and for damages for failure to do so.
Plaintiff sought and obtained a temporary injunction directing
transfer, and defendant has complied with it. Plaintiff then
brought on this motion for summary judgment on its cause of
action for damages.

Special Term concluded that the decision on the temporary
injunction made the law of the case and established plaintiff's
right to damages. We cannot agree with this determination.
The temporary injunction was granted here for the purpose of
minimizing any loss that might arise from the further decline in
market value of a volatile stock. As such, it is largely in the
nature of maintaining the *status quo.* An injunction for that
purpose does not make the law of the case, and in fact is of no
moment at all as regards the merits (*Walker Mem. Baptist
Church* v. *Saunders,* 285 N. Y. 462, 474). It should further be
noted that no inference can be drawn from defendant's compli-
ance with the injunctive order rather than its appealing. Defend-
ant has no interest in whether or not the stock should be trans-
ferred other than its own protection in the event of an illegal or
improper transfer. The order of the court provides that
protection as it was made after adequate contest.

On the merits, this being a motion for summary judgment the facts must be taken as sworn to by defendant. So that it appears that the stock in question was never registered and that defendant knew it. Accordingly defendant could well have been under a prohibition against transferring the stock. Whether or not plaintiff was aware of the restriction does not appear conclusively, but even if it was not it is not determinative (*Travis Inv. Co.* v. *Harwyn Pub. Corp.*, 288 F. Supp. 519, 526). The issue is whether the transfer agent had reasonable grounds for belief that the transfer would be one forbidden by law. Whether that belief was engendered by a positive statement from the SEC, as in the *Harwyn* case, or came from other sources may go to the weight of the claim that the belief existed, but it certainly does not establish the contrary. Likewise an issue exists as to plaintiff's knowledge of the qualifications to transfer of the stock. As these facts are peculiarly within plaintiff's knowledge, summary judgment is not in order.

Order entered September 3, 1969, granting summary judgment should be reversed on the law and judgment entered September 5, 1969, vacated with costs to appellant.

EAGER, J. P., CAPOZZOLI and MARKEWICH, JJ., concur.

Order entered on September 3, 1969, unanimously reversed on the law, and the judgment entered on September 5, 1969, vacated, with $50 costs and disbursements to the appellant.